UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHERRYE L. BARDLEY                                                                PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:24-CV-146-KHJ-MTP

JOSHUA K. METCALF, et al.                                                    DEFENDANTS

ORDER

Before the Court is Plaintiff Sherrye L. Bardley's ("Bardley") [4] Motion to Remand or, in the alternative, [4] Motion for Alternative Relief. The Court denies both motions.

I.  Background

This case arises from a two-vehicle accident on August 22, 2020. *See* Compl. [1-1] ¶¶ 6–12. Bardley was sitting in her parked car when Defendant Joshua K. Metcalf ("Metcalf") "backed into her rear bumper." *Id.* ¶¶ 6, 11. "At the time of the accident, Metcalf was an employee of Defendant Bickes, Inc." ("Bickes"), and Metcalf "was operating a vehicle owned by [Bickes]." Def.'s Resp. [6] at 2; *see also* [1-1] ¶ 10 ("Metcalf was . . . in a 2015 Ram C35 PK registered to Bickes[.]"); Trotter Aff. [6-1] ¶ 6.

On July 31, 2023, Bardley filed a state-court action against three defendants: (1) Metcalf, a Mississippi resident; (2) Bickes, a foreign corporation; and (3) Corporate John Doe #1, "an unknown entity who employed . . . Metcalf . . . at the

time of the incident." [1-1] ¶¶ 1–4; *see also* Pl.'s Mem. [4-1] ¶¶ 2–4. She asserted claims for negligence and "negligent hiring/training/supervision." [1-1] ¶¶ 15–26.

Bickes and Metcalf filed answers and affirmative defenses to Bardley's state-court Complaint. *See* State Ct. R. [2-1] at 13–23, 25–35. Bardley's Complaint sought unspecified damages, so Bickes propounded written discovery on the topic. *See* Notice of Removal [1] ¶¶ 14–18. Bardley responded that she had incurred damages of more than $75,000. *See* Pl.'s Discovery Resp. [1-3] at 13. Thirty days later, Bickes removed the case based on the Court's diversity jurisdiction. *See* [1] ¶¶ 13, 17.

In its removal notice, Bickes informed Bardley and the Court that "Metcalf died prior to Plaintiff's filing of this suit." *Id.* ¶ 11; *see also* Metcalf Death Cert. [1-2].[1] Bickes argues that the Court may therefore disregard "[t]he citizenship of Metcalf and 'Corporate John Doe #1'" in determining complete diversity. [6] at 2; *see also* [1] ¶¶ 7, 13.

Bardley moves to remand or, in the alternative, be allowed "to conduct jurisdictional discovery to confirm the identity of Corporate John Doe #1 and to . . . substitute the Estate of [Metcalf] as a party since [she] had relied on . . . Metcalf's Separate Answer and Affirmative Defenses indicating that he was alive." [4-1] at 3. Notably, Bardley's motion does not challenge the Court's jurisdiction. She simply requests remand, jurisdictional discovery, and leave to substitute a party.

Bickes responded in opposition, arguing the existence of jurisdiction under 28 U.S.C. 1332(a). [6] at 2–3. Its response also explains why the Court should deny

---

[1] Bickes neglected to explain when it learned of Metcalf's passing, or why counsel filed an answer and affirmative defenses for the deceased Metcalf.

jurisdictional discovery and the request to substitute Metcalf's estate. *Id.* at 3–6. Bardley did not file a reply addressing these arguments.

II.     Standard

Generally, a defendant must remove "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). But if "the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Bickes removed under 28 U.S.C. § 1332(a)(1), which grants a district court original jurisdiction "where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As the removing party, Bickes "bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citation omitted). The Court strictly construes the removal statute and resolves doubts in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Jurisdiction must exist at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

III.   Analysis

The Court begins with Bardley's Motion to Remand before considering her request for alternative relief.

   A. Motion to Remand

To begin, the Court notes that Bickes timely removed this case. Bardley's Complaint "d[id] not contain a specific allegation that damages are in excess of the federal jurisdictional amount, [so] the case was not removable, and the removal clock was not triggered until [Bickes] received a copy of an . . . 'other paper from which' it was first ascertainable that the case was removable." *Allen v. Bulk Logistics, Inc.*, 485 F. Supp. 3d 691, 696 (S.D. Miss. 2020). "[T]he answer to [the] interrogatory which triggered the filing of the notice of removal in this case is such an 'other paper.'" *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). Because Bickes received Bardley's interrogatory responses on February 12, 2024, [1-3] at 27, its removal on March 13, 2024, was timely. *See* [1] at 8. The Court now turns to whether federal jurisdiction exists under 28 U.S.C. § 1332(a).

      1. Amount in Controversy

The amount in controversy exceeds $75,000. As here, when a complaint does not specify the amount in controversy, the removing defendant must establish the jurisdictional minimum by a preponderance of evidence. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A defendant can satisfy its burden by showing that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) [by setting forth] 'summary

4

judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.*

Bickes attaches Bardley's interrogatory response, which shows the amount in controversy exceeds $75,000. *See* [1-3] at 13 ("I have incurred $266,665.68 in medical bills for my injuries . . . [and] continue[] to suffer pain and incur medical expenses."). Bardley's "interrogatory responses . . . constitute summary-judgment-type evidence" establishing the jurisdictional minimum. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015).

2. Complete Diversity

Complete diversity exists. Bardley resides in Mississippi. *See* [1-1] ¶ 1. Her Complaint names three defendants: (1) Metcalf, a Mississippi resident; (2) Bickes, an Illinois corporation; and (3) Corporate John Doe #1. *See id.* ¶¶ 2–4; *see also id.* ¶ 9. The Court disregards Corporate John Doe #1's citizenship. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."). Bickes argues that the Court should also disregard Metcalf's citizenship because he "was improperly joined in this matter." [1] ¶ 10. The Court agrees and disregards Metcalf's citizenship.

When evaluating whether complete diversity exists, the Court disregards the citizenship of improperly joined defendants. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc). The removing party bears the burden of establishing improper joinder. *See Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511,

5

516 (5th Cir. 2021). It can satisfy this burden by showing: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *D & J Invs. of Cenla, LLC v. Baker Hughes a GE Co.*, 52 F.4th 187, 195 (5th Cir. 2022) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Bickes relies on the second approach.

The second approach requires Bickes "[t]o show that [the] plaintiff cannot establish a cause of action against the non-diverse party in state court" because "there is no possibility of recovery by the plaintiff against [the] in-state defendant[.]" *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022) (per curiam) (quotation omitted). The Court applies a "Federal Rule of Civil Procedure 12(b)(6) standard; if the complaint is sufficient to state a claim, there is [usually] no improper joinder." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018) (citation omitted). However, "where a complaint states a claim that satisfies 12(b)(6) but has 'misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)). "The summary inquiry determines if there are 'discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.'" *Id.* (quotation omitted).

The Court exercises its discretion to undertake a summary inquiry here. Bickes attaches Metcalf's Death Certificate to its Notice of Removal. *See* [1-2]. It

argues "there can be no recovery against Metcalf as a matter of Mississippi law" because Metcalf died before Bardley filed this suit. [1] ¶ 12. The Court agrees that "it is impossible under Mississippi law to recover a judgment against a deceased person." *Grayson v. Moncla Well Serv., Inc.*, 844 F. Supp. 2d 789, 790 n.1 (S.D. Miss. 2011) (citing *Necaise v. Sacks*, 841 So. 2d 1098, 1105 (Miss. 2003)). And because Metcalf's death date could "negate a possibility of liability on the part of the nondiverse defendant," the Court decides to pierce the pleadings and conduct a summary inquiry. *Cumpian*, 910 F.3d at 221 (cleaned up).

The Court's summary inquiry reveals that Metcalf died before Bardley filed this suit. *Compare* [1-2] (showing Metcalf's date of death as September 22, 2021), *with* [1-1] (showing date of filing as July 31, 2023). The presence of this "discrete and undisputed fact[] . . . preclude[s] [Bardley's] recovery against the in-state defendant." *Cumpian*, 910 F.3d at 220 (quotation omitted). Indeed, "there is no possibility that [Bardley] could recover from [Metcalf] as it is impossible under Mississippi law to recover a judgment against a deceased person." *Grayson*, 844 F. Supp. 2d at 790 n.1 (citing *Necaise*, 841 So. 2d at 1105). Metcalf is therefore "not properly joined." *Williams v. Walmart Stores E., LP*, No. 3:23-CV-3142, 2024 WL 709210, at *4 (S.D. Miss. Feb. 21, 2024). Accordingly, the Court disregards "h[is] citizenship . . . in determining whether there is complete diversity of citizenship." *Id.*

7

That leaves Bickes and Bardley, and they are completely diverse. Because jurisdiction exists under 28 U.S.C. § 1332(a), the Court denies Bardley's Motion to Remand.

B.  Motion for Alternative Relief

In the alternative, Bardley requests "jurisdictional discovery to confirm the identity of Corporate John Doe #1 and to be allowed to take the necessary steps to substitute the Estate of [Metcalf] as a party since [Bardley] had relied on [Metcalf's] Separate Answer and Affirmative Defenses indicating that he was alive." [4-1] at 3. The Court denies both requests.

First, Bardley seeks jurisdictional discovery to "confirm the identity of Corporate John Doe #1 as Tupelo Wilbert Vault Company" ("Tupelo Wilbert") and to determine whether Bickes and Tupelo Wilbert "are separate legal entities prior to prematurely listing [Tupelo Wilbert] as a defendant." [4-1] ¶¶ 11–12. In response, Bickes offers the affidavit of its Controller Michelle Trotter, which supplies the requested information. [6-1]. Trotter's affidavit states:

> On or about June 16, 1982, Bickes purchased [Tupelo Wilbert]. Wilbert had several locations, including a location in Tupelo, Mississippi. Bickes purchased and continued to use the Wilbert name. Bickes does business at the Tupelo location under the name Tupelo Wilbert Vault Company. [Tupelo Wilbert] is not a separate legal entity or business, but is simply a d/b/a used by Bickes. At the time of the accident on August 22, 2020, . . . Metcalf was employed by Bickes and was operating a vehicle owned by Bickes.

[6-1] ¶¶ 4–6. The Court denies Bardley's request for jurisdictional discovery because Bickes's affidavit supplies the information she seeks. *See Edmondson v. Cedar Park Health Sys., L.P.*, No. 1:17-CV-1030, 2018 WL 4677897, at *3–4 (W.D. Tex. June 8,

8

2018), *report and recommendation adopted*, 2018 WL 4701812 (W.D. Tex. July 30, 2018) (concluding that the defendant's affidavit provided the plaintiff the information necessary to evaluate its citizenship, so jurisdictional discovery was not justified).

Second, Bardley asks that she "be allowed to take the necessary steps to substitute the Estate of [Metcalf] as a party since [she] had relied on [Metcalf's] Separate Answer and Affirmative Defenses indicating that he was alive." [4-1] at 3. Bickes argues that "substitution. . . as referenced by Plaintiff is not procedurally appropriate or available under the circumstances." [6] at 5. The Court agrees.

Federal Rule of Civil Procedure 25(a)(1) "allows substitution for a deceased party where the claim is not extinguished by his death." *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969). That "rule contemplates substitution for someone who had been made a party before his death." *Id.* That rule does not apply here because Metcalf died before Bardley filed this suit. *See id.* (citation omitted); *see also Alexander v. DLJ Mortg. Cap., Inc.*, No. 3:15-CV-293, 2016 WL 11613005, at *4 (S.D. Miss. July 5, 2016) (finding that under Rule 25, a party's "estate [could] not be substituted in her place since her death occurred before th[e] litigation was commenced"). The Court therefore denies Bardley's alternative request "to substitute the Estate of [Metcalf] as a party." [4-1] at 3.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. The Court DENIES Bardley's [4] Motion to Remand and

9

DENIES Bardley's [4] Motion for Alternative Relief. The Court DISMISSES Joshua K. Metcalf as an improperly joined party.

SO ORDERED, this 17th day of May, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
